UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DYNAMIC MACHINE WORKS, INC., ) | Docket No. 04-10525 WGY |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| MACHINE & ELECTRICAL ) | |
| CONSULTANTS, INC., ) | |
| ) | |
| Defendant ) | |

ANSWER AND COUNTERCLAIM

NOW COMES Defendant Machine & Electrical Consultants, Inc., (MECI), by and through counsel, and answers the Complaint as follows:

1. MECI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2. MECI admits the allegations contained in Paragraph 2 of the Complaint.

3. MECI admits that it submitted a proposal to Dynamic for the sale of a Johnford HT-275G Lathe and other equipment for $413,000.00 but denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. MECI admits that on or about December 17, 2002, Dynamic issued a purchase order to MECI for the Johnford Lathe and other equipment totaling $413,000.00, but denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that Dynamic rented a Johnford ST-60B Lathe from MECI but denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that it received an e-mail from Dynamic dated February 28, 2003 and avers that the e-mail speaks for itself. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. MECI admits that because of circumstances beyond its control, namely the SARS epidemic in Taiwan, MECI notified Dynamic that delivery of the Johnford Lathe would be delayed and denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. MECI admits that in June 2003, Dynamic was provided with a letter from the manufacturer indicating that the Johnford Lathe would be shipped in the middle of August but denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. MECI admits that by letter dated July 8, 2003, Dynamic indicated that it would not seek to cancel the purchase order conditioned in part upon (1) receipt and review by Dynamic of the factory-performed accuracy test report; (2) a ship date of August 15, 2003; and (3) commissioning of the Johnford Lathe by September 19, 2003 but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. MECI agrees that by letter dated June 26, 2003, MECI notified Dynamic that if the Johnford Lathe was not commissioned by September 19, 2003, MECI, Johnford and Absolute Machine Tool would pay a penalty of $500.00 per day until the Johnford Lathe was commissioned and that the penalty would be deducted from the final installment payment for the Johnford Lathe but denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. MECI admits that the Johnford Lathe was not commissioned by September 19, 2003 but denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. MECI admits that it received a letter dated December 11, 2003 from Dynamic's attorney but denies that the letter is attached as Exhibit A to the Complaint served upon it. MECI denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. MECI avers that the letter dated December 11, 2003 speaks for itself and denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. MECI avers that the letter dated December 11, 2003 speaks for itself and denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. MECI admits that it has not returned Dynamic's down payment and has not paid the $500.00 per day penalty but denies the remaining allegations contained in Paragraph 16 of the Complaint.

## COUNT I
## DECLARATORY JUDGMENT

17. MECI repeats and realleges the allegations contained in Paragraphs 1-16 of the Complaint as if set forth fully herein.

18. MECI denies the allegations contained in Paragraph 18 of the Complaint.

19. MECI denies the allegations contained in Paragraph 19 of the Complaint.

20. MECI denies the allegations contained in Paragraph 20 of the Complaint.

21. MECI admits that if Dynamic had allowed MECI to complete the commissioning of the Johnford Lathe, it would have conformed to specifications but denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. The allegations in Paragraph 22 states conclusions of law to which no response is necessary. To the extent that a response is necessary, MECI denies the allegations contained in Paragraph 22 of the Complaint.

## COUNT II
## BREACH OF WARRANTY

23. MECI repeats and realleges the allegations contained in Paragraphs 1-22 of the Complaint as if set forth fully herein.

24. MECI admits that the Johnford Lathe was designed to meet certain written specifications and denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. MECI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26. MECI denies the allegations contained in Paragraph 26 of the Complaint.

27. MECI denies the allegations contained in Paragraph 27 of the Complaint.

28. MECI admits that it has not accepted return of the equipment and has not refunded the down payment but denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. MECI denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT III
## BREACH OF CONTRACT

30. MECI repeats and realleges the allegations contained in Paragraphs 1-29 of the Complaint as if set forth fully herein.

31. MECI admits the allegations contained in Paragraph 31 of the Complaint.

32. MECI denies the allegations contained in Paragraph 32 of the Complaint.

33. MECI admits that it has not refunded Dynamic's down payment, paid any penalties, or accepted return of the Johnford Lathe but denies the remaining allegations contained in Paragraph 33 of the Complaint.

34. MECI denies the allegations contained in Paragraph 34 of the Complaint.

## COUNT IV
## VIOLATION OF M.G.L. C. 93A

35. MECI repeats and realleges the allegations contained in Paragraphs 1-34 of the Complaint as if set forth fully herein.

36. The allegations contained in Paragraph 36 of the Complaint state conclusions of law to which no response is necessary. To the extent that a response is necessary, MECI denies the allegations contained in Paragraph 36 of the Complaint.

37. The allegations contained in Paragraph 37 of the Complaint state conclusions of law to which no response is necessary. To the extent that a response is necessary, MECI denies the allegations contained in Paragraph 37 of the Complaint.

38. MECI denies the allegations contained in Paragraph 38 of the Complaint.

39. MECI denies the allegations contained in Paragraph 39 of the Complaint.

40. MECI denies the allegations contained in Paragraph 40 of the Complaint.

41. MECI denies the allegations contained in Paragraph 41 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim for which relief may be granted.

## THIRD DEFENSE

The Complaint fails because of Plaintiff's breach of contract.

## FOURTH DEFENSE

The Complaint fails because any money allegedly owed Plaintiff is offset in whole in or in part by money owed Defendant by Plaintiff.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed and that Defendant be awarded its costs and attorney's fees together with such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

NOW COMES Defendant/Counterclaimant Machine & Electrical Consultants, Inc. ("MECI"), by and through counsel, and counterclaims against Dynamic Machine Works, Inc. as follows:

1. Counterclaimant MECI, Inc. is a corporation duly organized and existing under the laws of the State of Maine.

2. Counterclaim Defendant Dynamic Machine Works, Inc. ("Dynamic") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts.

3. By Purchase Order dated December 17, 2002, Dynamic purchased a Johnford Lathe and related equipment for $413,000.00. A copy of the purchase order is attached hereto as Exhibit A.

4. On or about October 9, 2003, the Johnford Lathe was delivered to Dynamic at Dynamic's place of business.

5. Despite requests, Dynamic has failed to pay to MECI the second installment payment in the amount of $148,000.00 and the final installment payment in the amount of $177,500.00.

6. There is now due and owing MECI by Dynamic the sum of $325,500.00.

7. As a result of Dynamic's breach of contract, MECI has been damaged in the amount of $325,500.00.

## COUNT II
## COMPLAINT ON ACCOUNT ANNEXED

8. MECI repeats and realleges the allegations contained in Paragraphs 1-7 of the Counterclaim as if set forth fully herein.

9. According to the account and the invoice statements annexed hereto as Exhibit B and incorporated herein by reference Dynamic owes MECI $325,500.00 plus interest, attorney's fees and costs of collection.

10. MECI has demanded payment of the amount owed, but Dynamic has failed and refused to pay the amount owed.

WHEREFORE, MECI respectfully requests Judgment against Dynamic in the full amount of the balance due, interest and costs, attorney's fees, and such other and further relief as this Court deems just and proper.

DATED this 15th day of March, 2004.

CLEMENTS & CLEMENTS, LLP

BY: _____
Jeffrey D. Clements, Esq. (BBO #632544)

50 Federal Street
Boston, MA 02111
(617) 451-1800

SMITH ELLIOTT SMITH & GARMEY,

BY: _____
Keith R. Jacques, Esq.

_____
Aaron P. Burns, Esq. (BBO #644116)
Attorneys for Defendant

199 Main Street
P.O. Box 1179
Saco, ME 04072
(207) 282-1527

## CERTIFICATE OF SERVICE

I hereby certify that Defendant's Answer and Counterclaim was served this __15th__ day of March, 2004 by forwarding a copy by first class mail, postage prepaid, to:

>   Jack Bryan Little, Esq.
>   Law Offices of Jack Bryan Little, P.C.
>   401 Andover Street
>   North Andover, MA 01845

_____
Jeffrey D. Clements, Esq.