**CLEMENTS & CLEMENTS, LLP**
50 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110

Jeffrey D. Clements
jclements@clementsllp.com

Phone:  (617) 451-1802
Fax:    (617) 451-6060

March 19, 2004

Ms. Judi Nappi
United States District Court for the
District of Massachusetts
One Courthouse Way
Boston, MA 02210

04- 10525 WGY

Re:   <u>Dynamic Machine Works, Inc. v. Machine & Electical Consultants, Inc.</u>

Dear Ms. Nappi:

    In connection with the Notice of Removal filed in this matter, I am enclosing the certified record of the pleadings filed in the Superior Court for the County of Middlesex (No. MICV2004-00666). I am also enclosing a check in the amount of $50.00 constituting the filing for the Defendants' motion to admit Keith R. Jacques *pro hac vice*.

    Thank you for your assistance in this matter.

Sincerely yours,

Jeffrey D. Clements

cc:   Keith R. Jacques, Esq.
      Jack Bryan Little, Esq.

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

I, **Michael Brennan, Assistant Clerk** of the Superior Court of the Commonwealth of Massachusetts within and for said County of Middlesex, do certify that the papers hereto annexed are true pleadings in case No. **MICV2004-00666** entered in the Superior Court on **02/20/2004**.

**IN TESTIMONY WHEREOF,** I hereunto set my hand and affix the seal of said Superior Court, at said Lowell this 17th day of March, in the year of our Lord 2004



Assistant Clerk

cvdremlett_1.wpd 2531976 removus houle

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 10525 WGY

DYNAMIC MACHINE WORKS, INC., )
)
      Plaintiff )   Docket No.
)
v. )
)
MACHINE & ELECTRICAL )
CONSULTANTS, INC., )
)
      Defendant )

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446(d) and §1332, Defendant hereby gives notice of the removal of the above-captioned action from the Superior Court, Middlesex County, Massachusetts. As grounds for removal, Defendant states the following:

1. Plaintiff filed this Complaint in Middlesex County Superior Court, Massachusetts on February 20, 2004. A copy of Plaintiff's Complaint (Superior Court Civil Action No. MICV2004-0066) is attached Exhibit A.

2. There is complete diversity of citizenship between the parties. Plaintiff is a Massachusetts corporation. Defendant is a Maine corporation.

3. The amount in controversy in this action, upon information and belief, exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Pursuant to 28 U.S.C. § 1446(d), Defendant's counsel is filing a copy of this Notice of Removal with the Middlesex County Superior Court, Massachusetts, and is sending a copy of the Notice of Removal to all adverse parties.

5. Attached as Exhibit B is a copy of all process, pleadings and orders served on Defendant in this action.



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAR 17 2004

CLERK

5.   Attached as Exhibit B is a copy of all process, pleadings and orders served upon Defendant in this action.

6.   Defendant has requested and will file separately a certified copy of the record in this case for the Middlesex County Superior Court in compliance with Local Rule 81.1.

WHEREFORE, Defendant, by and through counsel, respectfully requests that the action now pending in Middlesex County Superior Court, Massachusetts be removed to the United States District Court, District of Massachusetts.

DATED this 15th day of March, 2004.

CLEMENTS & CLEMENTS, LLP

BY: _____
Jeffrey D. Clements, Esq. (BBO #632544)

50 Federal Street
Boston, MA 02110
(617) 451-1800

SMITH ELLIOTT SMITH & GARMEY,

BY: _____
Aaron P. Burns, Esq. (BBO #644116)
Attorneys for Defendant

199 Main Street
P.O. Box 1179
Saco, ME 04072
(207) 282-1527

-3-

## CERTIFICATE OF SERVICE

I hereby certify that Defendant's Notice of Removal was served this ___15th___ day of March, 2004 by forwarding a copy by first class mail, postage prepaid, to:

>Jack Bryan Little, Esq.
>Law Offices of Jack Bryan Little, P.C.
>401 Andover Street
>North Andover, MA 01845

_____
Jeffrey D. Clements, Esq.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS　　　　　　　　　　　　　　SUPERIOR COURT
　　　　　　　　　　　　　　　　　　　　　　C.A. NO.

| | |
|---|---|
| DYNAMIC MACHINE WORKS INC.,<br>　　Plaintiff | )<br>)　　　　04-0666<br>) |
| vs | )<br>) |
| MACHINE & ELECTRICAL<br>CONSULTANTS, INC.<br>　　Defendant | )<br>)<br>) |

## COMPLAINT

### PARTIES

1. Plaintiff, Dynamic Machine Works Inc. ("Dynamic") is a Massachusetts corporation with a principal place of business at 12 Suburban Park Drive, Billerica, Massachusetts 01821.

2. Defendant Machine & Electrical Consultants, Inc. ("M&E") is a Maine corporation with a principal place of business at 17 Pomerleau Street, Biddeford, ME 04005.

### STATEMENT OF FACTS

3. On or about January 3, 2003, M&E submitted a proposal and specifications to Dynamic for the sale of a Johnford HT-275G Heavy Duty Turning Center (the "Johnford Lathe") for $355,000.00.

4. On or about January 13, 2003, Dynamic issued a purchase order to M&E for the Johnford Lathe and other equipment. The delivery date for the Johnford Lathe was on or about May 15, 2003.

5. Included in the purchase order was the rental of a Johnford ST-60B lathe until the

-1-

new Johnford Lathe arrived.

6. On or about February 28, 2003 Dynamic notified M&E of problems it was experiencing with the rented Johnford ST-60B lathe. Dynamic further advised that if these problems were not addressed in the new Johnford Lathe it would be rejected.

7. In and around April 2003, Dynamic was notified that the anticipated May 15, 2003 delivery date would not be met and that delivery would occur in June.

8. In and around June 2003, Dynamic was notified that the anticipated June 2003 delivery date would not be met and that the Johnford Lathe would be finished and shipped in the middle of August.

9. Dynamic agreed not to cancel the purchase order conditioned upon *inter alia* (1) receipt and approval of the factory performed accuracy test report; (2) a ship date of August 15, 2003; and (3) complete commissioning of the Johnford Lathe meeting all specifications of the M&E January 3, 2003 proposal, and addressing the problems identified in its February 28, 2003 communication, by September 19, 2003 (the "Commissioning Deadline").

10. M&E agreed that its failure to meet the Commissioning Deadline would result in a penalty of $500.00 per day until complete commissioning was achieved.

11. The Johnford Lathe was delivered to Dynamic on or about October 9, 2003.

12. M&E did not meet the Commissioning Deadline and was unable to get the Johnford Lathe to meet the specifications and correct the problems identified.

13. By correspondence dated December 11, 2003, Dynamic notified M&E of its rejection or revocation of acceptance of the Johnford Lathe for failure to timely make the

machine operate in accordance with the specifications and the parties' agreement. (Exhibit "A").

14. Dynamic requested return of its down payment of $29,500.00, as well as payment of the $500.00 per day penalty in the amount of $41,000.00.

15. Dynamic requested instructions as to the disposition of the Johnford Lathe and indemnity sufficient to cover the expense of complying with such instructions.

16. To date, M&E has not returned Dynamic's down payment, has not paid the $500.00 day penalty, and has not provided instructions or indemnity all as requested.

## COUNT I
## (DECLARATORY JUDGMENT)

17. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 16 of the complaint.

18. Dynamic properly notified M&E of its rejection or revocation of acceptance of the Johnford Lathe for failure to timely make the machine operate in accordance with the specifications and the parties' agreement, requesting instructions as to the disposition of the Johnford Lathe and indemnity sufficient to cover the expense of complying with such instructions. (Exhibit "A").

19. To date, M&E has not provided instructions or indemnity all as requested.

20. Dynamic seeks to exercise its remedies under the Uniform Commercial Code, including the sale of the Johnford Lathe.

21. M&E asserts that Dynamic has accepted the Johnford Lathe and that, with additional time, it will be able to make it conform to specifications.

-3-

22. An actual controversy exists within the jurisdiction of this court with respect to the matters of rejection and or revocation of acceptance of the Johnford Lathe and Dynamic's rights and remedies under the Uniform Commercial Code.

## COUNT II
## (BREACH OF WARRANTY)

23. Plaintiff repeats and incorporates by reference the allegations contained in paragraph 1 through 22 of the complaint.

24. M&E warranted that the Johnford Lathe would meet written specifications and address problems specifically identified by Dynamic.

25. Dynamic purchased the Johnford Lathe in reliance of the warranties made by M&E.

26. Following delivery to Dynamic, the Johnford Lathe failed to meet written specifications and failed to address problems specifically identified by Dynamic, substantially impairing its value.

27. M&E was properly notified of Dynamic's rejection or revocation of acceptance of the Johnford Lathe.

28. At all times thereafter, Dynamic has been willing and able to return the Johnford Lathe to M&E, but M&E has failed and refused to accept return of the equipment or to refund the down payment therefor.

29. As a result of M&E's breach, Dynamic has and continues to incur incidental and consequential damages.

## COUNT III

## (BREACH OF CONTRACT)

30. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 29 of the complaint.

31. The parties entered into a written agreement for the purchase and sale of the Johnford Lathe meeting certain requirements and specifications by a date certain.

32. M&E breached the parties agreement by failing to timely make the Johnford Lathe operate in accordance with the specifications and the parties' agreement.

33. M&E has failed and refused to refund Dynamic's down payment, pay the agreed upon penalties and accept return of the Johnford Lathe.

34. As a result of M&E's breach, Dynamic has and continues to incur incidental and consequential damages.

## COUNT IV

## (VIOLATION OF M.G.L. C. 93A)

35. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 34 of the complaint.

36. Dynamic is a "person who engages in the conduct of any trade or commerce" within the meaning of M.G.L. c. 93A §11.

37. M&E is a "person who engages in the conduct of any trade or commerce" within the meaning of M.G.L. c. 93A §11.

38. M&E, at all times relevant hereto, was engaged in trade or commerce occurring substantially within the Commonwealth of Massachusetts.

39. M&E's conduct in disregard of known contractual arrangements and intended to secure benefit to itself constitutes an unfair act or practice prohibited by M.G.L. c. 93A.

40. As a result of M&E's unfair acts or practices, Dynamic has suffered financial loss within the meaning of M.G.L. c. 93A § 11.

41. As a result of M&E's willful and intentional acts, Dynamic is entitled to multiple damages and reasonable attorneys fees.

WHEREFORE, Plaintiff requests:

A. Judgment declaring the parties' rights and obligations under the Uniform Commercial Code with respect to the matters stated herein and declaring, specifically, that plaintiff has the right to sell the Johnford Lathe at public or private auction.

B. Judgment for damages sustained by plaintiff as a result of the defendants' unlawful conduct as described herein.

C. Award multiple damages pursuant to M.G.L. c. 93A.

D. Award cost of this action and reasonable attorney's fees pursuant to M.G.L. c. 93A

E. Grant such further relief as justice may require.

Respectfully submitted,
DYNAMIC MACHINE WORKS INC.
By its Attorney,

*[signature]*

Jack Bryan Little (#301920)
LAW OFFICE OF
JACK BRYAN LITTLE, P.C.
401 Andover Street
North Andover, MA 01845
(978) 682-9985

Date: 2/20/04

MAS-20031124
houle
Case 1:04-cv-10525-WGY    Document 7    Filed 03/22/2004    Page 13 of 13

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

03/17/2004
10:33 AM

## MICV2004-00666
### Dynamic Machine Works, Inc. v Machine Electrical Consultants, Inc.

| | | | |
|---|---|---|---|
| File Date | 02/20/2004 | Status | Disposed: transfered to other court (dtrans) |
| Status Date | 03/17/2004 | Session | L - Cv time-stan 1 (Lowell) |
| Origin | 1 | Case Type | D13 - Declaratory judgement (231A) |
| Lead Case | | Track | A |

| | | | | | |
|---|---|---|---|---|---|
| Service | 05/20/2004 | Answer | 07/19/2004 | Rule12/19/20 | 07/19/2004 |
| Rule 15 | 05/15/2005 | Discovery | 04/10/2006 | Rule 56 | 06/09/2006 |
| Final PTC | 10/07/2006 | Disposition | 02/19/2007 | Jury Trial | No |

### PARTIES

**Plaintiff**
Dynamic Machine Works, Inc.
12 Suburban Park Drive
Billerica, MA 01821
Active 02/20/2004

Private Counsel 301920
Jack Bryan Little
401 Andover Street
No Andover, MA 01845
Phone: 978-682-9985
Fax: 978-682-9935
Active 02/20/2004 Notify

**Defendant**
Machine Electrical Consultants, Inc.
17 Pomerleau Street
Biddeford, ME 04005
Served: 03/04/2004
Service pending 02/20/2004

Private Counsel 632544
Jeffrey D Clements
CLEMENTS & CLEMENTS, LLP
50 Federal Street
Boston, MA 02111
Phone: 617-451-1802
Fax: 617-451-6060
Active 03/17/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/20/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 02/20/2004 | | Origin 1, Type D13, Track A. |
| 03/08/2004 | | Pleading, Summons, returned to Jack Bryan Little, Esq.: Long Arm Affidavit Needed With Out of State Service and Proof of Service |
| 03/17/2004 | 2.0 | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

MIDDLESEX, ss.    Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process I have
set my hand and affixed the seal of said Superior court
this 17th day of March 2004.

Deputy / Assistant Clerk