UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DYNAMIC MACHINE WORKS, INC.<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MACHINE & ELECTRICAL<br>CONSULTANTS, INC.,<br><br>　　　　Defendant. | Civil Action No. 04-10525-WGY |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR
RECONSIDERATION AND HEARING**

Defendant and Counterclaim Plaintiff Machine & Electrical Consultants, Inc. ("MECI") respectfully disagrees that judgment should enter in favor of Plaintiff and Counterclaim Defendant Dynamic Machine Works, Inc. (Dynamic") on its breach of contract claim, and moves for reconsideration so that it may be heard in light of the Supreme Judicial Court's opinion concerning the question of contract modification as certified by the Court.

At the center of this dispute about the sale of a Johnford Machine Lathe (the "Johnford Lathe") by MECI to Dynamic is the question of whether or not MECI and Dynamic agreed to modify the Commissioning Deadline from September 19, 2003 to December 19, 2003. Because of the undisputed, written and signed confirmation of the parties' agreement to the December 19 Commissioning Deadline (which agreement was apparent from the parties' conduct even before the signed confirmation), MECI maintains

that Dynamic was in breach when it dismantled the Johnford Lathe before Machine arrived to continue the commissioning process on December 15, 2003.

Dynamic, on the other hand, moved for summary judgment, arguing that it either rejected or revoked acceptance of the Johnford Lathe with its December 11, 2003 letter to MECI.  Neither Dynamic's Motion for Summary Judgment, nor the accompanying affidavit of Dynamic's president, Venanzioro Fonte, made any mention whatsoever of Mr. Fonte's December 9, 2003 letter to MECI that confirmed the extended Commissioning Deadline of December 19, 2003.

MECI opposed Dynamic's Motion for Summary Judgment, presenting Mr. Fonte's letter, among other evidence that included:

(1) Dynamic's December 9, 2003 letter to MECI "to recap our phone conversation" and confirming the December 19, 2003 Commissioning Deadline;

(2) An affidavit of Norman Crepeau, president of MECI, confirming that Dynamic had agreed to "a revised commissioning deadline of December 19, 2003";

(3) An affidavit of Hayden Wellman, vice-president of Absolute Machine Tools, Inc. (the distributor of the Johnford Lathe), affirming that the Johnford Lathe could have been commissioned to meet all specifications "had MECI been allowed to continue to work on the lathe from December 9 until December 19, 2003"; and

(4) An Affidavit of Thomas Giovannani, the MECI service technician with primary responsibility for commissioning the Johnford Lathe, describing the status of the commissioning process as of December 9, 2003 and Mr. Giovannani's conclusion that "the lathe would have operated within specifications if we had been allowed to continue to work on the machine through December 19, 2003 if we had been allowed to continue to work on the machine through December 19, 2003."

See Creapeau Affidavit, ¶ 27 and Exhibit F thereto; Wellman Affidavit, ¶¶ 4-6; Giovanni Affidavit, ¶¶ 6-9.

In its opposition to Dynamic's motion and in support of its own motion for summary judgment, MECI argued that "the December Letter Agreement modified the Commissioning Deadline under the contract between Dynamic and MECI. See Mass. Gen. Laws ch. 106, §2-309(1) ('An agreement modifying a contract within this Article needs no consideration to be binding.')" See MECI Memorandum in Opposition to Plaintiff's Motion for Summary Judgment at 10-11. In reply, Dynamic claimed for the first time that Dynamic's signed December 9, 2003 letter confirming the December 19, 2003 Commissioning Deadline was a "waiver" and, citing Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280 (7th Cir. 1986), insisted that such a waiver could be, and was, revoked.

After hearing at which the parties agreed to submit the issue as a case stated because of the potentially dispositive nature of the modification versus waiver question, the Court concluded as follows: "On December 9, 2003, Dynamic agreed to a revised commissioning date of December 19, 2003. … Dynamic's president, Ven Fonte ('Fonte'), confirmed this agreement in [the December 9, 2003 letter]." Memorandum and Order, January 3, 2005 ("Order") at 7. The Court considered Dynamic's argument based upon the issues posed by Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280 (7th Cir. 1986), and concluded that regardless of whether the December 9, 2003 letter reflected an agreement modifying a contract term, or merely a waiver, Dynamic was entitled to revoke the extension of the Commissioning Deadline, and MECI was in breach of contract. Order at 12.[1]

---

[1] The Court also allowed MECI's motion for summary judgment, finding no evidence of a violation of Mass. Gen. Laws Ch. 93A and concluding that Dynamic was not entitled to recover punitive damages.

The Court certified to the Massachusetts Supreme Judicial Court under its Rule 1:03 the question of whether a buyer may retract a written extension such as that presented here. Order at 21. The parties subsequently briefed and argued the issue before the Supreme Judicial Court. By way of elaboration on MECI's argument herein that the extension of the Commissioning Deadline to December 19, 2003 constituted an agreed-upon modification, MECI attaches hereto as Exhibit 1, and incorporates herein, a copy of MECI's brief before the Supreme Judicial Court. On July 28, 2005, the Supreme Judicial Court issued its decision ("Opinion," attached as Exhibit 2), clarifying the following points of Massachusetts law:

(1) Under the U.C.C., "waiver" and "modification" are "distinct concepts" (Opinion at 5);

(2) A waiver is retractable in the absence of reliance, while a modification may <u>not</u> be revoked unilaterally (Opinion at 6);

(3) This case does not present the "thorny issue" addressed by the <u>Wisconsin Knifeworks</u> case on which Dynamic relied. (Opinion at 8, n.7);

(4) Neither the absence of consideration nor the fact of a writing alone are dispositive; instead, whether Dynamic's December 9, 2003 letter constituted a modification rather than a waiver "turns on whether Dynamic and Machine mutually agreed to extend the Commissioning Deadline to December 19, 2003." (Opinion at 8-9).

On October 5, 2005, the Court issued a judgment on the breach of contract claim in favor of Dynamic Machine. MECI respectfully disagrees that judgment should enter in favor of Dynamic and moves for reconsideration so that it may be heard on the issue in light of the Supreme Judicial Court's opinion. The evidence presented in the summary

judgment proceedings, considered in light of the Supreme Judicial Court's decision, demonstrates that Dynamic and MECI agreed to a final Commissioning Deadline of December 19, 2003, and Dynamic breached that agreement by preventing MECI from continuing the commissioning process on December 15, 2003.[2]  A hearing is warranted before judgment is decided so that MECI may bring these points to the Court's attention.

For the foregoing reasons, MECI respectfully requests that its motion for reconsideration be allowed, that the judgment be vacated, and after hearing, that judgment be entered in MECI's favor on its counterclaim for breach of contract.

Respectfully submitted,

MACHINE & ELECTRICAL
CONSULTANTS, INC.

by its attorneys,

/s/  Jeffrey D. Clements

_____
Jeffrey D. Clements, BBO #632544
Clements & Clements LLP
50 Federal Street
Boston, MA 02110
(617)  451-1802

COUNSEL:

Keith R. Jacques
Smith Elliot Smith & Garmey, P.A.
199 Main Street
P.O. Box 1179
Saco, ME  04072

DATED:  November 3, 2005

---

[2]  The evidence presented demonstrates the mutuality of the parties' dealings and course of conduct in extending the Commissioning Deadline to December 19 and MECI's reliance upon that extension in expending resources to continue the commissioning process, as well as the December 9, 2003 letter signed by Dynamic constituted an agreement to extend the Commissioning Deadline.

5

**CERTIFICATE OF SERVICE**

I, Jeffrey D. Clements, hereby certify that a copy of the foregoing document was served by electronic filing to counsel of record for the plaintiff on November 3, 2005

/s/ Jeffrey D. Clements
_____