UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DYNAMIC MACHINE WORKS, INC., | ) | |
| | ) | |
| Plaintiff | ) | Docket No. 04-10525-WGY |
| | ) | |
| v. | ) | |
| | ) | |
| MACHINE & ELECTRICAL CONSULTANTS, INC., | ) ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ASSESSMENT OF DAMAGES**

Defendant and Counterclaim Plaintiff Machine & Electrical Consultants, Inc. ("MECI") submits the following Memorandum in Opposition to Plaintiff's Motion for Assessment of Damages:

**PROCEDURAL BACKGROUND**

On October 5, 2005, this Court entered Judgment in favor of Plaintiff on its breach of contract claim. The Judgment reiterated the Court's earlier finding in favor of MECI that there was no persuasive evidence of a Chapter 93A violation and that Plaintiff was not entitled to recover punitive damages or penalties against MECI. On October 20, 2005, Plaintiff filed a Motion for Assessment of Damages. MECI has filed a Motion for Reconsideration and a Request for Hearing regarding the Judgment as to Plaintiff's breach of contract claim. For the reasons stated in the Motion for Reconsideration and the reasons contained herein, MECI opposes any award of damages against it without an opportunity to challenge Plaintiff's unsubstantiated damage claim.

## ARGUMENT

### I. Plaintiff is Not Entitled to Recover Legal Fees.

This Court previously has ruled that there is no evidence of a Chapter 93A violation. See Memorandum and Order dated January 3, 2005 and Judgment dated October 5, 2004. Moreover, there is no contractual provision between the parties providing for the recovery of attorney's fees. Plaintiff's request for an award of attorney's fees, therefore, is without basis and must be denied.

### II. Plaintiff's Request for an Assessment of Damages Without a Hearing Must be Denied.

A fundamental principal of law upon which damages for breach of contract are assessed is that the recovering party shall be placed in the same position it would have been, if the contract had been performed. Hendricks & Associates, Inc. v. Daewoo Corp., 923 F.2d 209, 213 (1st Cir. 1991). See also Doering Equipment Company v. John Deere Company, 61 Mass. App. Ct. 850, 857-58, 815 N.E. 2d 234, 241 (2004). Courts have warned, however, that a calculation of damages, must not overcompensate the buyer. See Delano Growers Cooperative Winery v. Supreme Wine Co., Inc., 393 Mass. 666, 680, 473 N.E. 2d 1066, 1075 (1985). Moreover, Massachusetts law, as embodied in its Uniform Commercial Code, recognizes that the UCC does not displace common law requirements relating to causation and certainty of proof of damages. Hendricks, 923 F.2d at 213. Rather, a plaintiff, like Dynamic, must demonstrate with certainty that it incurred certain expenses in the inspection, receipt, transportation, care and custody of certain goods and that the expenses incurred were reasonable. See Mass. Gen. L. ch. 106, §§2-711(3), 2-715(1).

In this case, Plaintiff seeks a substantial damage award based upon unsupported summary allegations contained in a single paragraph of Venanzioro Fonte's August 31, 2004 Affidavit.[1] No supporting invoices, records or collaborative testimony is offered for this Court to determine with any certainty whether the claimed damages are reasonable or even whether they resulted from the alleged breach.  See Doering, 61 Mass. App. Ct. at 858, 815 N.E. 2d at 241 (damages must at a minimum bear some relationship to the breach).

Moreover, in Mr. Fonte's September 20, 2004 deposition (conducted three weeks after he signed his Affidavit) he admitted that he had no knowledge or information about significant aspects of the damage claim described in his Affidavit.  For example, when asked if he could describe what comprised the $21,029 installation labor charge claimed in his Affidavit, Mr. Fonte replied "No, I can't."  Instead, Mr. Fonte suggested that Kevin McGinley, another Dynamic employee, would know.  Fonte deposition at 124-25.  However, during Mr. McGinley's deposition, he testified that he had no knowledge regarding whether anyone at Dynamic had a breakdown of the labor expenses referred to in Mr. Fonte's Affidavit, or the cost of providing electrical power to the lathe, or even whether Dynamic had invoices relating to the electrical work.  McGinley deposition at 27-29.

Similarly, Mr. Fonte deferred to Mr. McGinley regarding the materials expense claimed in his Affidavit.  Fonte deposition at 127.  Upon questioning, however, Mr. McGinley conceded that he did not know what comprised the materials expense claimed in the Fonte Affidavit. McGinley deposition at 30.

---

[1] The depositions cited herein were filed with the Court on October 12, 2004 in conjunction with MECI's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Motion for Partial Summary Judgment and are attached to the Affidavit of Jeffrey D. Clements as Exhibit A, B, and C.

The only expense that Mr. Fonte claimed to have "first hand knowledge" of was the building modification expense. He explained "I knew we were somewhere above $5,000.00 and less than $15,000.00 so $7,000.00 does not surprise me." Fonte deposition at 126. Again, Mr. Fonte deferred to Kevin McGinley for further explanation. However, Mr. McGinley testified that he did not know whether Dynamic had received an invoice in connection with any modifications to the building. McGinley deposition at 30-31.

Furthermore, the electrical and building modification expenses should be rejected not only because they have not been established with any certainty but also because they are not causally related to the alleged breach. Rather, the expenses arise from the failure to reasonably provide for the delivery of the lathe during the design and construction of Plaintiff's expansion to its facility. Moreover, any modifications to widen a door at the facility or to provide electricity to an area within the facility will continue to benefit Plaintiff.

The Affidavit of Norman Crepeau attached hereto reflects that Plaintiff was in the process of constructing a significant expansion to its facility at the time that it ordered the Johnford lathe. Plaintiff intended to locate the lathe within the new expansion. Unfortunately, the construction failed to include a doorway wide enough to accommodate delivery of the lathe. Crepeau Affidavit, Par. 4-7. The building modification expenses identified in Mr. Fonte's Affidavit allegedly is associated with the widening of that doorway. In addition, apparently electrical service was not provided in the area where the lathe was to be located. Plaintiff seeks to recover the expense of widening the door and establishing electrical service. Both expenses should have been contemplated as part of the facility's expansion. Certainly, the expenses were not reasonably foreseeable by MECI.

In any event, Plaintiff will benefit from the building modifications. The Johnford lathe requires no specialized electrical service. Crepeau Affidavit, Par. 8. Plaintiff purchased a

-4-

number of machines for its facility prior to the delivery of the lathe.  Plaintiff has received several deliveries of new machines since the delivery of the Johnford lathe.  The same electrical service which powers the Johnford lathe can be used for the operation of these other machines.  Crepeau Affidavit, Par. 9.  Likewise, the expanded doorway can be used to accommodate the delivery of machines in the future.

### III. Plaintiff is Not Entitled to Recover its Costs of Purchasing a Steady Rest for the Johnford Lathe.

Plaintiff made the decision to purchase the steady rest for the Johnford lathe.  Fonte deposition at 50.  The steady rest is not a mandatory accessory nor was its purchase recommended by MECI.  The steady rests are interchangeable among machines.  Fonte deposition at 50; Nicholas Fonte deposition at 29.  They are used on a variety of machines on the floor of Plaintiff's facility.  McGinley deposition at 19-20.  While the steady rest may or may not fit any of the machines currently at Plaintiff's facility it was selected by Plaintiff.  Crepeau Affidavit, Par. 10-13.  The burden to repurchase the steady rest should not fall upon MECI.

### IV. Plaintiff is Not Entitled to Recover Storage Fees Because it Incurred No Expenses Associated with the Johnford Lathe Remaining in its Facility.

There is no dispute that Plaintiff's claim for storage fees is not based upon any expenses which it incurred.  While Plaintiff moved the Johnford lathe back in December 2004 from one location within its facility to another (thereby preventing any further commissioning efforts on the part of MECI), it has not incurred any fees or costs associated with the lathe's storage within its facility.

Recoverable incidental damages for the care and custody of goods under the Uniform Commercial Code as codified by the Massachusetts General Laws are limited to "expenses

reasonably incurred." See Mass. Gen. L. ch. 106, §§2-711(3), 2-715(1). (Incidental damages resulting from the seller's breach include **expenses reasonably incurred** in inspection, receipt, transportation and care and custody of goods rightfully rejected) (emphasis added). Since Plaintiff undisputedly did not incur any storage fees associated with the lathe's storage, Plaintiff is not entitled to recover any arbitrarily assessed, artificial monthly storage fees.

## CONCLUSION

For the foregoing reasons, MECI respectfully requests that this Court, after hearing, deny Plaintiff's Motion to Assess Damages.

DATED this 3rd day of November, 2005.

                CLEMENTS & CLEMENTS, LLP

                BY:s/Jeffrey D. Clements
                   Jeffrey D. Clements, Esq. (BBO #632544)

50 Federal Street
Boston, MA 02110
(617) 451-1800

                SMITH ELLIOTT SMITH & GARMEY,

                BY:s/Keith R. Jacques
                   Keith R. Jacques, Esq.
                   Attorneys for Defendant

199 Main Street
P.O. Box 1179
Saco, ME 04072
(207) 282-1527

-7-

CERTIFICATE OF SERVICE

    I hereby certify that Defendant's Memorandum in Opposition to Plaintiff's Motion for Assessment of Damages was served by electronic filing to counsel of record for the Plaintiff on November 3, 2005.

                                        s/Jeffrey D. Clements
                                        Jeffrey D. Clements, Esq.