UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DYNAMIC MACHINE WORKS, INC., | ) | |
| Plaintiff | ) | |
|  | ) | |
| VS. | ) | Docket No. 04-10525-WGY |
|  | ) | |
| MACHINE & ELECTRICAL | ) | |
| CONSULTANTS, INC., | ) | |
| Defendant | ) | |
|  | ) | |

## PLAINTIFF S OPPOSITION TO DEFENDANT S MOTION FOR RECONSIDERATION AND HEARING

Now comes Plaintiff, Dynamic Machine Works, Inc. ("Dynamic") and submits the within Opposition to the Defendant's Motion for Reconsideration and Hearing.

<u>PROCEDURAL BACKGROUND</u>

In the MEMORANDUM AND ORDER dated January 3, 2005, this Court concluded and declared that Dynamic properly and timely revoked its December 9, 2003 letter extending the commissioning deadline, thus rendering Defendant liable for breach of contract. This Court explicitly held that Defendant had not relied on the December 9, 2003 written extension *in any way* prior to the December 11, 2003 written rejection (emphasis added).

- 2 -

This Court further certified to the Supreme Judicial
Court the following specific question:

> Under the Massachusetts version of the
> Uniform Commercial Code, does a buyer have a
> right to retract a written extension
> allowing more time for the seller to cure
> defects in a delivered product absent
> reliance on the extension by the seller?

By its July 28, 2005 decision, the Supreme Judicial
Court answered the certified question as follows:

> If the written extension constitutes a
> modification of the agreement to purchase
> the product, then the buyer may not retract
> it unilaterally.  If, on the other hand, the
> written extension constitutes a waiver of an
> executory portion of the agreement, the
> buyer may retract it "by reasonable
> notification received by the 'Seller' that
> strict performance will be required … unless
> the retraction would be unjust in view of a
> material change in position and reliance on
> the waiver."
> G. L. c. 106, §2-209(5).

The Supreme Judicial Court stated that whether the
letter of December 9 constitutes a waiver or a modification
is in large measure a question of fact.

In light of the opinion of the Supreme Judicial Court,
this Court entered Judgment dated October 5, 2005, ruling
that Plaintiff properly and timely revoked its December 9,

- 3 -

2003 letter, thus rendering Defendant liable for breach of contract.  Defendant seeks reconsideration of this decision.

ARGUMENT

This Court decided this matter based on the parties' agreement that there were no material facts in dispute and the parties' consent to treat the matter as a case stated, with the conclusions of the Court being drawn from the record in its entirety.  The Supreme Judicial Court's opinion does not determine whether the December 9, 2003 letter extending the time for performance constituted a modification or a waiver.  Indeed, this Court did not ask the Supreme Judicial Court to determine the answer to that question.

There could be no other conclusion but that this Honorable Court, reviewing all the agreed-upon facts from the entire record and drawing conclusions therefrom, determined that the December 9, 2003 letter, however the parties may have characterized it, constituted a revocable waiver.  Such determination is entirely consistent with the answer to the certified question.

- 4 -

The defendant presents no new facts which should alter the result, but merely seeks to relitigate the issue that has already been decided in Plaintiff's favor.

CONCLUSION

For all the above reasons, Plaintiff respectfully moves that this Honorable Court deny the Defendant's Motion for Reconsideration and Hearing.

Respectfully submitted

_/s/ Gregg S. Haladyna_
Gregg S. Haladyna, Esquire
(BBO No. 547254)
56 Central Square
Chelmsford, MA 01824
(978) 256-8115
e-mail:  Halalaw@aol.com

CERTIFICATE OF SERVICE

I, Gregg S. Haladyna, hereby certify that a copy of the foregoing document was served by electronic filing to counsel of record for the defendant on November 17, 2005.

_/s/ Gregg S. Haladyna_