UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                )
DYNAMIC MACHINE WORKS, INC.,    )
         Plaintiff              )
                                )
VS.                             )    Docket No. 04-10525-WGY
                                )
MACHINE & ELECTRICAL            )
CONSULTANTS, INC.,              )
         Defendant              )
                                )
_____
```

**PROPOSED**

**PLAINTIFF S REPLY TO DEFENDANT S OPPOSITION TO PLAINTIFF S
MOTION FOR ASSESSMENT OF DAMAGES**

Plaintiff hereby replies to the Defendant's Memorandum
in Opposition to Plaintiff's Motion for Assessment of
Damages by submitting for the Court's consideration the
within Brief and the Supplemental Affidavit of Venanzioro
Fonte, with Exhibits.

<u>REQUEST FOR HEARING</u>

Plaintiff does not object to the Court holding a
hearing on the issue of damages.  Therefore it does not
appear to be in dispute that a hearing should be held to
assess the Plaintiff's damages, should the Court intend to
assess damages.

- 2 -

ARGUMENT

Plaintiff asserts that as a general proposition, remedies provided under the Uniform Commercial Code are to be liberally administered to the end that the aggrieved party may be put in as a good a position as if the other party had fully performed.  M.G.L. c. 106, §1-106.

Furthermore, Defendant s objection that the claimed damages are not supported by  invoices, records or collaborative testimony  is unpersuasive.  The Defendant was provided with invoices, checks and documentation.  In a fax dated December 12, 2004, sent shortly after Mr. Fonte s deposition, copies of bills and invoices were provided to Defendant s counsel.  A copy of the fax cover sheet with enclosures is attached to Mr. Fonte s Supplemental Affidavit filed herewith for the Court s consideration.

With respect to some of the Defendant s specific objections, Plaintiff responds with the following based on Mr. Fonte s Supplemental Affidavit.

I.   The Cost Of The Steady Rest Is Compensable

The Steady Rest was purchased from Defendant at a cost of $45,000.00, specifically as an accessory to the Johnford Lathe.  It was sent to Taiwan to be fitted and mounted onto

- 3 -

the Johnford Lathe, where it was electronically and mechanically interfaced with the Johnford Lathe.

The Steady Rest is neither useable nor interchangeable with any equipment at the Plaintiff s facility.  Unlike the Chucks that are capable of being utilized elsewhere in Plaintiff s facility, the Plaintiff cannot similarly mitigate its damages with respect to the Steady Rest. Plaintiff is therefore entitled to reimbursement of the $45,000.00 it paid to the Defendant for the Steady Rest.

## II.  Storage Fees Are Compensable

The Defendant concedes that under the Uniform Commercial Code as codified by the Massachusetts General Laws, expenses reasonably incurred in the care and custody of goods rightfully rejected are recoverable.  Nevertheless, Defendant objects to storage fees claiming they were not actually  incurred .  Such parsing of words does not conform to the Code s directive for liberal administration of remedies.

In an effort to mitigate damages, the Plaintiff moved the Johnford Lathe to a less intrusive spot at its facility, to store the Johnford Lathe pending resolution of this case. The alternative would have been to ship the Johnford Lathe

- 4 -

for storage offsite at a cost of $48,900.00, and spend
$1,100.00 per month thereafter for storage.  Plaintiff opted
to save the moving costs and store the Johnford Lathe at its
secure, climate-controlled facility for as long as
possible.  This deprives Plaintiff of the opportunity to
utilize valuable space at its facility for equipment,
machinery, inventory, etc.  In light of the moving costs
saved and the desirable features of storage at the
Plaintiff s facility, the claimed storage costs of $1,250.00
per month are reasonable.

   III.   <u>Electrical And Building Modification Expenses Are
                  Compensable</u>

      Defendant objects to the electrical and building
modification expenses claiming that they are not established
with certainty and that they arise from the Plaintiff s own
failure to reasonably provide therefore in the design and
construction of Plaintiff s expansion to its facility. In
support thereof, Defendant asserts in the Supplemental
Affidavit of Norman Crepeau that the Plaintiff was    in the
process of designing and constructing a significant
expansion to its business facility    when it agreed to
purchase the Johnford Lathe from the Defendant on
January 13, 2003.

- 5 -

First, Mr. Crepeau s factual assertions in his
Affidavit regarding the expansion of Plaintiff s facility
are erroneous.  By November of 2002, months before the
Plaintiff agreed to purchase the Johnford Lathe, the
building expansion project was completed, awaiting the final
of a series of inspections that had occurred over the
preceding months.

Second, the price of the Johnford Lathe agreed upon in
the January 13, 2003 Purchase Order included the terms  FOB
Delivered on the floor .  Mr. Crepeau had been on site at
the Plaintiff s facility and should have been aware that the
building needed to be modified in order to install the
Johnford Lathe on the floor, as contractually required.  It
was not until the eve of delivery of the Johnford Lathe when
the issue was raised of how the Defendant could deliver the
Johnford Lathe, on the floor, as agreed.  The building
modifications are therefore the responsibility of the
Defendant.

Finally, Plaintiff will not benefit from the electrical
and building modifications.  The Plaintiff disassembled the
large power source feeding the Johnford Lathe, as it was no
longer necessary and could not be utilized on the

- 6 -

replacement machine.  All of the machines at the Plaintiff s
facility, including new machinery, utilize existing
electrical sub-panels with circuit breakers and therefore
the Plaintiff does not benefit from the electrical service
installed for the Johnford Lathe.

With respect to the enlargement of the opening to
accommodate installation of the Johnford Lathe, Plaintiff
will likely restore the smaller sized opening.  The larger
opening results in increased energy costs arising from heat
loss and additional air conditioning expenses when the
loading dock doors are opened during the winter and summer
months, given that the larger opening is not sealed.

IV.  Plaintiff Is Entitled To Installation Labor Costs

AS stated before, Defendant appears to have conceded
that incidental damages resulting from Seller s breach
include expenses incurred in inspection, receipt,
transportation, care and custody of goods rightfully
rejected.  As the Plaintiff spent ten weeks attempting to
commission the Johnford Lathe, the costs of such
installation clearly are involved in the inspection and
receipt of the rightfully rejected Lathe.  Plaintiff has
attempted in good faith to quantify, in a reasonable manner,

- 7 -

the incidental damages involved in inspection and receipt of the Johnford Lathe, and therefore is entitled to the $21,029.00 claimed.

Respectfully submitted


/s/ Gregg S. Haladyna
Gregg S. Haladyna, Esquire
(BBO No. 547254)
56 Central Square
Chelmsford, MA 01824
(978) 256-8115
e-mail:  Halalaw@aol.com

December 30, 2005


CERTIFICATE OF SERVICE

I hereby certify that Plaintiff s Motion for Leave to File Reply Brief, Plaintiff s Reply to Defendant s Opposition to Plaintiff s Motion for Assessment of Damages and Affidavit of Venanzioro Fonte were served by electronic filing to counsel of record for Defendant on December 30, 2005.


/s/ Gregg S. Haladyna